NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID HAMILTON,

               Plaintiff-Appellant,

  v.

SAM WONG, Dr.; et al.,

               Defendants-Appellees.

No. 20-17287

D.C. No. 2:19-cv-01181-KJM-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted July 19, 2021[**]

Before:     SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

    California state prisoner David Hamilton appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

_____

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Hamilton's claims against defendants Wong, Smith, and the unnamed MRI specialist because Hamilton failed to allege facts sufficient to show that these defendants acted with deliberate indifference regarding his exposure to gadolinium during a magnetic resonance imaging scan or the denial of a urinalysis years later. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to the prisoner's health).

The district court properly dismissed Hamilton's claims against defendants Bayer Healthcare Pharmaceutical Inc. and McKesson Pharmaceuticals Corp. because Hamilton failed to allege facts sufficient to show that these defendants acted under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-96 (9th Cir. 2003) (explaining that a § 1983 plaintiff must show the defendant "acted under color of state law" and the tests to determine state action; the central question is whether the alleged constitutional violation is fairly attributable to the government).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-17287